UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MIRANDA PILATO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-866-ACA |
| | ) |
| **JOHN SAMANIEGO,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Miranda Pilato, proceeding *pro se*, alleges that she experienced workplace discrimination and disparate pay during her employment as a deputy officer at Defendant Shelby County Sheriff's Office. (*See* doc. 1). She has pleaded her claims against Defendant John Samaniego as Sheriff of Shelby County and against his office. (*See id.*). Defendants move to dismiss, or in the alternative, for a more definite statement, contending that Ms. Pilato has failed to adequately allege her claims. (Doc. 13).

The court **WILL GRANT IN PART** and **DENY IN PART** Defendants' motion. Because the Sheriff's Office is not a legal entity subject to suit, the court **WILL DISMISS** Ms. Pilato's claims against the Sheriff's Office **WITH PREJUDICE**. To the extent Ms. Pilato intends to allege her claims against Sheriff Samaniego in his individual capacity, the court agrees that such claims are not viable

and **WILL DISMISS WITH PREJUDICE** all claims based on that theory. The court is otherwise unpersuaded by Sheriff Samaniego's remaining arguments and therefore **WILL DENY** the motion to dismiss the claims against Sheriff Samaniego in his official capacity and the request for a more definite statement.

## I.     BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). And because Ms. Pilato is proceeding *pro se*, her allegations "are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). Consistent with these precedents, these are the facts:

In 2018, Ms. Pilato began her employment as a deputy officer in the Shelby County Sheriff's Office. (Doc. 1-1 at 1; *see also* doc. 1 at 5) (incorporating by reference Ms. Pilato's charge of discrimination). And two other deputies—one male and one female—were hired the same date. (Doc. 1-1 at 2). Although the male deputy had less work experience than Ms. Pilato, she alleges that he was hired at two pay steps above Ms. Pilato. (*See id.*). And although the other female deputy had more work experience and a higher degree than the male deputy, the male deputy was also one pay step above that female deputy. (*Id.*).

During her employment, Ms. Pilato "exceeded expectations" on her evaluations. (*Id*. at 1). But around June 2022, she and a male employee were involved in some type of incident. (Doc. 1-1 at 1–2). Ms. Pilato's supervisors notified her that she was "going to be reassigned effective immediate[ly] due to a performance problem," and when Ms. Pilato "tried to discuss the issue" with her supervisors, "they refused to engage." (*Id*. at 1). Two days later, Ms. Pilato's employment was terminated because of the incident. (*Id*. at 1–2). But the male employee who was also involved was not terminated. (*Id*. at 2).

## II.  DISCUSSION

Ms. Pilato makes three claims. (Doc. 1 at 3–4). First, she alleges that Defendants terminated her employment based on her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a) ("Count One"). (Doc. 1 at 3; *see also* doc. 1-1 at 2) ("I believe Respondent terminated me because of my sex . . . ."). Second, she alleges that Defendants paid her less than her male coworkers in violation of Title VII ("Count Two"). (Doc. 1 at 4). And third, she alleges Defendants paid her less than her coworkers of the opposite sex in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d)(1) ("Count Three").  (Doc. 1 at 4). The court's analysis begins with the Sheriff's Office's arguments before considering Sheriff Samaniego's arguments.

1. The Sheriff's Office

The Sheriff's Office contends that it is not a legal entity subject to suit. (Doc. 13 at 5). "Sheriff's departments and police departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992) (quotation marks and internal citations omitted). And "[u]nder Alabama law, a county sheriff's department lacks the capacity to be sued." *Id*. at 1215 (affirming dismissal of the Jefferson County Sheriff's Department in a § 1983 case). Accordingly, the court agrees that the Shelby County Sheriff's Office is not a legal entity with capacity to be sued and **WILL DISMISS** Ms. Pilato's claims against the Sheriff's Office **WITH PREJUDICE**.

2. Sheriff Samaniego

Before turning to Sheriff Samaniego's arguments, the court first considers whether Ms. Pilato has alleged her claims against him in his official or individual capacity. "In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both," but "[t]he course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (quotation marks omitted). Pertinent factors include "the nature of plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the

4

complaint, particularly claims of qualified immunity which serve as an indicator that the defendant had actual knowledge of the potential for individual liability." *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1047 (11th Cir. 2008).

Here, Ms. Pilato seeks punitive damages against Sheriff Samaniego (doc. 1 at 6); a request for punitive damages generally "suggests an intent to sue" governmental officials in their individual capacities. *See Young Apartments, Inc.*, 529 F.3d at 1047 (quotation marks omitted). But she alleges only employment claims against him (*see* doc. 1 at 3–4), and those claims appear to be in Sheriff Samaniego's official capacity as her employer. The court therefore construes Ms. Pilato's allegations to sue Sheriff Samaniego in both his official and individual capacity.

### i. Individual Capacity

Sheriff Samaniego contends that he cannot be liable in his individual capacity under Title VII or the Equal Pay Act. (Doc. 13 at 4–5). The court agrees.

"Individual capacity suits under Title VII are . . . inappropriate" because "[t]he relief granted under Title VII is against the employer, not individual employees." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (emphasis omitted). And the same rule applies in Equal Pay Act cases. *See, e.g.*, *Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir. 1995) (holding that the district court did not err in dismissing individual capacity claims because a sheriff "in his individual capacity had no control over [the plaintiff's] employment and di[d] not qualify as [the plaintiff's]

5

employer under the [Equal Pay] Act"). So, "the proper method for a plaintiff to recover under Title VII [and the Equal Pay Act] is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Busby*, 931 F.2d at 772; *see Welch*, 57 F.3d at 1011.

Accordingly, the court **WILL GRANT** Sheriff Samaniego's motion and **WILL DISMISS** any claims pleaded against him in his individual capacity **WITH PREJUDICE**.

> ii. *Official Capacity*

Sheriff Samaniego argues that Ms. Pilato has not pleaded sufficient facts to support her employment discrimination claims because she has not specifically identified comparators. (*See* doc. 13 at 6–7, 9). At this stage, however, Ms. Pilato is not required to "allege facts sufficient to make out a classic *prima facie* case, but must simply provide enough factual matter to plausibly suggest intentional discrimination." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017), *abrogated on other grounds by Bostock v. Clayton Cnty.*, 590 U.S. 644 (2020). Ms. Pilato has met that burden. Accordingly, the court **WILL DENY** Sheriff Samaniego's motion to dismiss.

As alternative relief, Sheriff Samaniego requests that the court order Ms. Pilato to replead her claims, contending that her allegations are "so vague or ambiguous that [he] cannot properly prepare a response." (Doc. 13 at 8, 10)

(quotation marks omitted). The court is unpersuaded. Accordingly, the court **WILL DENY** Sheriff Samaniego's request for a more definite statement.

## III. CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Defendants' motion. (Doc. 13). This case will proceed as to the following claims against Sheriff Samaniego in his official capacity:

- Count One: that Sheriff Samaniego terminated Ms. Pilato's employment based on her gender in violation of Title VII;

- Count Two: that Sheriff Samaniego paid Ms. Pilato less than her male coworkers in violation of Title VII; and

- Count Three: that Sheriff Samaniego paid Ms. Pilato less than her male coworkers in violation of the Equal Pay Act.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this April 10, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE