UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MIRANDA PILATO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-866-ACA |
| | ) |
| **JOHN SAMANIEGO, et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Miranda Pilato joined the Shelby County Sheriff's Office in 2018 as a deputy sheriff. When she started, Defendant Shelby County Sheriff John Samaniego assigned Ms. Pilato a different starting pay than Colin Johnson,[1] a male deputy sheriff that started at the same time. Ultimately, Sheriff Samaniego terminated Ms. Pilato's employment in June 2022. Believing her pay disparity and termination to be based on her sex, Ms. Pilato filed this lawsuit. Three claims remain: termination based on sex in violation of Title VII, 42 U.S.C. § 2000e-2(a) ("Count One"), pay discrimination in violation of Title VII ("Count Two"), and pay discrimination in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) ("Count Three").

---

[1] In the parties' filings, the parties spell Mr. Johnson's name as "Collin." But Mr. Johnson's resume spells his name as "Colin." (Doc. 110 at 39). Accordingly, the court follows Mr. Johnson's preferred spelling.

Sheriff Samaniego moves for summary judgment on all three claims. (Doc. 94). For the reasons below, the court **WILL GRANT** Sheriff Samaniego's motion and **WILL ENTER SUMMARY JUDGMENT** on all counts in his favor.

I.   BACKGROUND

On a motion for summary judgment, the court "view[s] the evidence and draw[s] all reasonable inferences from it in the light most favorable to the non-moving party." *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1237 (11th Cir. 2021).

Ms. Pilato started her law enforcement career as a corrections officer at Donaldson Correctional Facility. (Doc. 110 at 4). She served in the position for more than two years. (*Id.* at 4; doc. 112-2 at 13). After, Ms. Pilato joined the Jefferson County Sheriff's Department. (Doc. 110 at 4; doc. 112-2 at 13). For almost two years, she worked as a deputy sheriff at the Jefferson County Jail. (Doc. 110 at 4; doc. 112-2 at 13). In April 2018, Sheriff Samaniego hired Ms. Pilato as a deputy sheriff with the Shelby County Sheriff's Office. (Doc. 110 at 40; doc. 112-2 at 12–13). Ms. Pilato started at step two of the Sheriff's Office's pay scale. (Doc. 110 at 2).

At roughly the same time, Sheriff Samaniego hired Laura Richman, a female, and Colin Johnson, a male. (Doc. 110 at 40; doc. 112-2 at 12–13). Ms. Richman, who previously worked as a patrol officer with the Mountain Brook Police

Department for over two years and a dispatcher with the Hoover Police Department for almost three years, started at step three on the pay scale. (Doc. 110 at 27; doc. 112-2 at 12). Mr. Johnson, who previously worked as a patrol officer for the Pelham Police Department for almost two years and a Detention Officer and Corporal (a leadership position) with the Hoover Police Department for five years, started at step four on the pay scale. (Doc. 110 at 39; doc. 112-2 at 12).

In 2020, Sheriff Samaniego hired Shana Hudson at step three of the pay scale. (Doc. 110 at 52). Her experience included serving as a patrol deputy sheriff with the Baldwin County Sheriff's Office for almost four years and a Special Operations Investigator with the Macon County Sheriff's Office for an additional four years. (*Id.* at 53–55).

In 2021, Sheriff Samaniego hired two more individuals. (*Id.* at 41, 49). William Creer, who previously worked as a patrol officer for the University of Alabama-Birmingham Police Department for two years, started at step three of the pay scale. (*Id.* at 41–42). Landon Brown also started at step three. (Doc. 110 at 49). Like Mr. Creer, his experience included two years as a patrol officer for the University of Alabama-Birmingham Police Department. (*Id.* at 49–50).

On June 8, 2022, Sheriff Samaniego terminated Ms. Pilato's employment. (Doc. 94 at 6 ¶ 5; doc. 119 at 10 ¶ 5; doc. 84). On March 27, 2023, Ms. Pilato filed a charge of discrimination with the Equal Employment Opportunity Commission

3

("EEOC"), alleging that Sheriff Samaniego fired her and paid her less than her male counterparts because of her sex. (Doc. 92 at 2–3).

## II. DISCUSSION

### 1. Count One

Count One alleges that Sheriff Samaniego terminated Ms. Pilato's employment because of her sex. (*See* doc. 1-1 at 1). Sheriff Samaniego argues Count One is untimely because Ms. Pilato did not file a charge with the EEOC within 180 days of the alleged discriminatory conduct. (Doc. 94 at 17–19; *see also* doc. 30 at 5). To bring a Title VII action, a plaintiff must first exhaust her administrative remedies with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). The first step in this process is to timely file a charge of discrimination with the EEOC. *Id.*; *see* 42 U.S.C. § 2000e-5(e)(1). In Alabama, a plaintiff must file the charge within 180 days from the alleged unlawful act. *Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 421 F.3d 1169, 1178 & n.13 (11th Cir. 2005). If the plaintiff does not timely file an EEOC charge, the alleged unlawful practice cannot form the basis for a Title VII claim. *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1101–02 (11th Cir. 2002).

Sheriff Samaniego terminated Ms. Pilato's employment on June 8, 2022. (Doc. 94 at 6 ¶ 5; doc. 119 at 10 ¶ 5; doc. 84). Although Ms. Pilato argues he did so for discriminatory reasons, she did not file her EEOC charge until March 27, 2023— almost 300 days after the alleged unlawful practice. (Doc. 92 at 2–3). Because

Ms. Pilato did not file the charge within 180 days, the statute of limitations bars Count One. *See* 42 U.S.C. § 2000e-5(e)(1).

In response, Ms. Pilato argues only that she filed the lawsuit within ninety days from when she received the EEOC's right-to-sue letter. (Doc. 119 at 43). But a plaintiff must comply with both deadlines. *See* 42 U.S.C. § 2000e-5(e)(1). The court therefore **WILL GRANT** Sheriff Samaniego's motion for summary judgment on Count One.[2]

### 2. Count Two

Count Two alleges that when Sheriff Samaniego hired Ms. Pilato, he paid her less than male deputies because of her sex. (Doc. 1 at 4; doc. 1-1 at 2). Although the same 180-day statute of limitations as Count One applies, *see* 42 U.S.C. § 2000e-5(e)(1), under the Lilly Ledbetter Fair Pay Act a pay discrimination claim accrues when (1) "a discriminatory compensation decision or other practice is adopted," (2) "an individual becomes subject to a discriminatory compensation decision or other practice," or (3) "an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid." 42 U.S.C. § 2000e-5(e)(3)(A).

---

[2] Because Ms. Pilato's charge was untimely, the court does not address Sheriff Samaniego's other arguments with respect to Count One. (*See* doc. 94 at 20–25).

Here, Ms. Pilato contends that Sheriff Samaniego paid her less than male deputies beginning with her first paycheck in 2022. (Doc. 1-1 at 2; doc. 119 at 6, 23–24 ¶¶ 1–8). Although the statute of limitations reset with each paycheck Ms. Pilato received, *see* 42 U.S.C. § 2000e-5(e)(3)(A), it is undisputed that Sheriff Samaniego terminated her employment on June 8, 2022. (Doc. 94 at 6 ¶ 5; doc. 119 at 10 ¶ 5; doc. 84). Thus, the latest period that Ms. Pilato was "subject to" or "affected by application of" the alleged unlawful employment action was in June 2022 when she received her final paycheck. *See* 42 U.S.C. § 2000e-5(e)(3)(A). And, as outlined above, Ms. Pilato did not file her EEOC charge until March 27, 2023. (Doc. 92 at 2–3). So she did not timely file her discrimination charge.

But Ms. Pilato argues equitable tolling is appropriate for Count Two because she did not know about the pay disparity until she initiated state court proceedings against Sheriff Samaniego. (Doc. 119 at 44–45). Ms. Pilato bears the burden of establishing that equitable tolling is appropriate. *Hogan v. Sec'y, U.S. Dep't of Veterans Affs.*, 121 F.4th 172, 178 (11th Cir. 2024). Although equitable tolling is an "extraordinary remedy" that should be applied sparingly, it may be appropriate when the party seeking tolling establishes "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance prevented timely filing." *Id.* (quotation marks omitted) (alterations accepted).

6

Ms. Pilato has not met her burden to establish either element. She does not explain—nor proffers any evidence to establish—that she acted diligently or that some extraordinary circumstance prevented her from timely filing an EEOC charge. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971–72 (11th Cir. 2016) (en banc). In passing, Ms. Pilato mentions that fraud supports tolling (doc. 119 at 44), but she never argues that Sheriff Samaniego committed any form of fraud. Ms. Pilato argues only that she did not know about the pay disparity. (*Id.* at 43–44). Because she has not demonstrated that she acted diligently or that an extraordinary circumstance prevented her from filing, Ms. Pilato has not satisfied her burden. *See Hogan*, 121 F.4th at 178–79. The court therefore **WILL GRANT** Sheriff Samaniego's motion for summary judgment on Count Two.[3]

    3. Count Three

Count Three alleges that Sheriff Samaniego paid male deputies more than Ms. Pilato in violation of the EPA. (Doc. 1 at 4; doc. 1-1 at 2). Sheriff Samaniego moves for summary judgment on Count Three because he contends that Ms. Pilato cannot establish a *prima face* case of pay discrimination under the EPA. (Doc. 94 at 28–30).

---

[3] Like Count One, the court does not address Sheriff Samaniego's other arguments with respect to Count Two because Ms. Pilato did not timely file her EEOC charge.

Under the EPA, employers may not pay their employees at different rates for the same work based on sex. 29 U.S.C. § 206(d)(1). For an EPA claim, the plaintiff bears the initial burden. *Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312, 1317 (11th Cir. 2024). To satisfy the burden, "a plaintiff must show that an employer pays different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Id.* (quotation marks omitted). The standard to prove that the plaintiff "performed substantially similar work for less pay" is "fairly strict." *Id.* at 1319 (quotation marks omitted). Relying on formal job titles alone is not sufficient. *See Arrington v. Cobb Cnty.*, 139 F.3d 865, 876 (11th Cir. 1998). Instead, "the controlling factor" to determine "whether two jobs are substantially equal must be actual job content." *Id.*

Ms. Pilato proffers no evidence regarding job content. (*See* doc. 119 at 23–24 ¶¶ 1–8). Indeed, Ms. Pilato never explains her position's duties or responsibilities. Nor does she argue that the comparators' jobs required equal "skill, effort, and responsibility" under similar working conditions. (*See id.* at 46–47); *Baker*, 94 F.4th at 1317. Instead, Ms. Pilato focuses solely on job titles and prior employment history. (*See* doc. 119 at 23–24 ¶¶ 1–8; *id.* at 46–47). But formal job titles are not dispositive, *see Arrington,* 139 F.3d at 876, and a comparator's "prior experience is not relevant

8

to the 'substantially similar' inquiry," *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 592 (11th Cir. 1994).

Because she proffered no evidence regarding the positions' skill, effort, responsibility, or working conditions, Ms. Pilato did not satisfy her burden. The court therefore **WILL GRANT** Sheriff Samaniego's motion on Count Three.[4]

### III. CONCLUSION

For the reasons above, the court **WILL GRANT** Sheriff Samaniego's motion and **WILL ENTER SUMMARY JUDGMENT** on all counts in his favor. (Doc. 94).

**DONE** and **ORDERED** this February 26, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

---

[4] Because the court grants Sheriff Samaniego's motion with respect to all three claims, the court does not address his argument on damages. (Doc. 94 at 30–33).